UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-21105-CIV-KING

SOLUTIONS DIAGNOSTIC CENTER, INC.,

    Plaintiff,

v.

THE PYRAMID LIFE INSURANCE COMPANY,

    Defendant.
_____/

## FINAL ORDER OF REMAND

THIS CAUSE is before the Court upon the Plaintiff's "Motion to Remand with Incorporated Memorandum of Law" (D.E. #4), filed April 30, 2009. On May 18, 2009, the Defendant filed its "Response to Plaintiff's Motion to Remand" (D.E. #5).

## I. BACKGROUND

On March 17, 2009, the Plaintiff initially filed its Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. *See* D.E. #1, pg. 8. The Plaintiff alleges that, between October 1, 2008 and December 1, 2008, six different individuals—all of whom were insured by the Defendant—sought medical treatment at its facility. After providing medical services to these individuals, the Plaintiff billed the Defendant for various amounts (totaling $392,738.00) that are covered by the respective policies. *See id.* at pg. 9-15. These individuals have designated the Plaintiff as the assignee of their claims. *See id.* Even though the Plaintiff has demanded payment, the

Defendant "has failed and refuses to pay the full amount of said claim[s]." *Id.* Due to the fact that the "[D]efendant has breached its contract[s] of insurance," the Plaintiff seeks damages. *Id.*

On April 23, 2009, the Defendant removed the action to this Court. *See* D.E. #1, pg. 1. The Defendant alleges that "[t]his Court has original jurisdiction pursuant to 28 USC § 1331 in that the Complaint asserts a civil action arising under the laws of the United States, more specifically, the Medicare Entitlement Program under which Medicare Advantage Plans are authorized, 42 U.S.C. § 1395w-21 to 1395w-28." *Id.* at pg. 2. Furthermore, the Defendant alleges that, although "the Complaint is in the form of a breach of insurance contract claim, the Plaintiff's claim is an action to recover benefits allegedly covered under the Medicare Advantage Plans ("MA Plans") issued to its assignors" and, therefore, is expressly preempted by the language of "42 U.S.C. § 1395w-26(b)(3)." *Id.*

On April 28, 2009, the Defendant filed its "Answer to Complaint" (D.E. #2). As previously stated, on April 30, 2009, the Plaintiff filed the instant Motion.

## II. LEGAL STANDARD

Generally, uncertainties are resolved in favor of remand because federal courts have limited jurisdiction. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The burden is on the defendant to prove, by a preponderance of the evidence, that federal jurisdiction is proper. *See Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). Jurisdictional facts are generally assessed from plaintiff's complaint at

the time of removal. See *Burns*, 31 F.3d at 1097 n.13.

### III. DISCUSSION

After thorough consideration of the parties' briefs and the record, the undersigned concludes that the instant action should be remanded to state court because there is no federal-question jurisdiction—the sole basis for subject matter jurisdiction alleged in the Notice of Removal—upon which the instant action could have originally been filed in this Court. *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States <u>have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added)). The Defendant asserts[1] that, because the Plaintiff's claims are allegedly preempted by the language in the Medicare Modernization Act of 2003 (i.e., 42 U.S.C. § 1395w-26(b)(3)), removal was proper and remand is unwarranted. However, in *Dial v. Healthspring of Alabama, Inc.*, 541 F.3d 1044, 1046-48 (11th Cir. 2008), the Eleventh Circuit Court of Appeals recently addressed this exact issue:

> This appeal presents the question of whether a complaint about conduct regulated by the Medicare Act filed in state court may be removed to a federal court.
> 
> . . .

---

[1]The undersigned acknowledges that the Plaintiff has asserted some alternative reasons for why the instant action should allegedly be remanded to state court. The Court does not address these alternative reasons because the Defendant's basis for removal, as alleged in the Notice of Removal, is clearly without merit.

> The wrinkle in this appeal is that the only source of federal law that Healthspring invokes in support of removal is the Medicare Act, which 'strips federal courts of primary federal-question subject matter jurisdiction' over claims that arise under that Act. *Cochran*, 291 F.3d at 779 (citing 42 U.S.C. § 405(h)). In place of that primary federal question jurisdiction, the Act provides for an administrative hearing before the Secretary of the Department of Health and Human Services. 42 U.S.C. § 1395w-22(g)(5). If the amount in controversy is sufficient, the Act provides for 'judicial review of the Secretary's final decision' in the form of a civil action in federal district court against the Secretary. *Id.*; 42 U.S.C. § 405(g). This procedure for judicial review of the administrative decision of the Secretary "to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." *Heckler v. Ringer*, 466 U.S. 602, 615, 104 S.Ct. 2013, 2021, 80 L.E.2d 622 (1984).
>
> Because the plaintiffs' action is not a 'civil action of which the district courts have original jurisdiction,' the action is not removable. . . . We need not decide whether the complaint against Healthspring arises under the Medicare Act because the district court lacks removal jurisdiction in any event. Even if we assume that at least one of the beneficiaries' claims for relief arises under the Medicare Act, the district court would lack subject matter jurisdiction over their complaint because it is not against the Secretary of the Department of Health and Human Services for review of an administrative decision.

Thus, the instant action is not a case over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. To make this determination, the undersigned—like the Eleventh Circuit in *Dial*—need not address the well-pleaded complaint rule (and its narrow exception based upon complete preemption) because, even assuming one of the Plaintiff's claims (which are written as state tort claims) somehow arises under the Medicare Act, this Court would lack removal jurisdiction in any event due to the fact that the Complaint is not against the Secretary of the Department of Health and Human

Services for review of an administrative decision.[2]

## IV. CONCLUSION

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the Plaintiff's "Motion to Remand with Incorporated Memorandum of Law" (**D.E. #4**) be, and the same is hereby, **GRANTED**. The Clerk is hereby **DIRECTED to remand** the instant action to the Eleventh Judicial Circuit for Miami-Dade County and **CLOSE this case**. All scheduled hearings are hereby **CANCELED**. All pending motions are hereby **DENIED AS MOOT**.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 20th day of May, 2009.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

---

[2]The undersigned acknowledges the Defendant's attempt to distinguish *Dial* from the instant action. The Defendant asserts that the two are distinguishable because the former involved claims "which were asserted against a plan administrator and agent whereas the instant case solely involves a claim for benefits under an MA Plan government by the Medicare Act and its regulations." D.E. #5, pg. 3 n.3. This argument is unpersuasive. In *Dial*, the defendant made the identical argument that the "Medicare Act expressly preempts state substantive law, *see* 42 U.S.C. § 1395w-26, and provides the exclusive remedy for at least some of the allegations in the complaint, *see* 42 U.S.C. § 1395w-22(g)(5)." 541 F.3d at 1047. After considering this argument, the Eleventh broadly held—without restricting the breadth of its holding to claims asserted against plan administrators and agents—that removal was improper. Thus, the broad holding of *Dial* is clearly controlling as applied to the facts of the instant case.

cc:     **_Counsel for Plaintiff_**

        **Juan Pablo Gonzalez-Sirgo**
        J.P. Gonzalez-Sirgo, P.A.
        804 Douglas Road
        Suite 373
        Coral Gables , FL 33134


        **_Counsel for Defendant_**

        **Mark David Greenberg**
        Carlton Fields
        100 SE 2nd Street
        Suite 4000 PO Box 019101
        Miami , FL 33131-9101